COURT OF APPEALS OF VIRGINIA


Present:  Judges Moon,<sup>*</sup> Willis and Elder
Argued at Richmond, Virginia


JAMES EARL DAVID
                                          OPINION BY
v.   Record No. 2735-96-2         JUDGE NORMAN K. MOON
                                       NOVEMBER 25, 1997
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    James B. Wilkinson, Judge

          Matthew T. Paulk, Assistant Public Defender
          (David J. Johnson, Public Defender, on
          brief), for appellant.

          John H. McLees, Assistant Attorney General
          (Richard Cullen, Attorney General;
          Kimberley A. Whittle, Assistant Attorney
          General, on brief), for appellee.


     James Earl David was convicted of two counts of robbery in

violation of Code § 18.2-58 and two counts of use of a firearm in

the commission of a robbery in violation of Code § 18.2-53.1.

David asserts that the trial court abused its discretion by

refusing to strike a prospective juror for cause.  We agree and

reverse.

     During voir dire, defense counsel asked the panel members if

they had been employed in law enforcement.  One juror stated that

she had some "good friends" with the Henrico County Sheriff's

Office and that the daughter of her co-worker is a deputy in the

Chesterfield County Sheriff's Office.  She also revealed that she

was a crime victim.  In 1987, she said, someone mugged, robbed,

          <sup>*</sup>When the case was argued Judge Moon presided.  Judge
Fitzpatrick was elected Chief Judge effective November 19, 1997.

and raped her; in 1984, someone broke into her home.  The court then stated, "The real question is, will [your victimization] affect you in any way in this case to sit fairly and impartially?"  The juror replied, "I can sit impartially, but I would probably tend to prosecute to the max because of my experiences."  The defense attorney asked, "Are you indicating to the Court that you would be more likely to listen to the prosecution's side in this case?"  The juror replied, "As being a victim among other things."

At the conclusion of her voir dire, the defense counsel informed the court that she had a motion.  Without addressing her statement, the court engaged the juror in the following dialogue:

> The Court:     I want you to be more clear, ma'am.  Can you sit fairly and impartially in this case?
>
> Juror Bullard: Depends on what evidence is presented.
>
> The Court:     Can you try the case on the evidence?
>
> Juror Bullard: Yes.
>
> The Court:     You are not predisposed to convict?
>
> Juror Bullard: No.
>
> The Court:     You will listen to the evidence, weigh it fairly and impartially and sit?
>
> Juror Bullard: Yes.
>
> The Court:     Would you consider the whole range of punishment in your deliberations from what they said to the minimum to the maximum?

```
Juror Bullard:   I will consider it, probably
                 tend to go to the upper most
                 reaches.

The Court:       But you would consider it?

Juror Bullard:   Yes.

The Court:       You would consider it with an
                 open mind?

Juror Bullard:   Yes.
```

Defense counsel made a motion to strike the juror and objected to the court's rehabilitation of her through leading questions. Counsel noted that the juror stated quite pointedly that she would be more favorable to the prosecution than to the defendant. The court overruled her motion. The defense then used a peremptory challenge to strike the juror.

Both the United States Constitution and the Virginia Constitution guarantee a criminal defendant's right to an impartial jury. See U.S. Const. amend. VI, XIV; Va. Const. art. I, § 8; see also Code § 8.01-358; Rule 3A:14. "`If there be a reasonable doubt whether the juror possesses [the ability to give an accused a fair and impartial trial], that doubt is sufficient to insure his exclusion. For . . . it is not only important that justice should be impartially administered, but it should also flow through channels as free from suspicion as possible.'" Breeden v. Commonwealth, 217 Va. 297, 298, 227 S.E.2d 734, 735 (1976) (quoting Wright v. Commonwealth, 73 Va. (32 Gratt.) 941, 943 (1879)).

Additionally, a trial court's refusal to remove a juror who

is not impartial does not constitute harmless error even if counsel uses a peremptory strike to exclude the juror.  Id. at 300, 227 S.E.2d at 736 ("It is prejudicial error for the trial court to force a defendant to use the peremptory strikes afforded him by Code § 8-208.21 to exclude a venireman who is not free from exception.") (citing Dowdy v. Commonwealth, 50 Va. (9 Gratt.) 727, 737 (1852)).

Whether a juror is impartial is a pure question of historical fact.  Wainwright v. Witt, 469 U.S. 412, 428 (1985). Thus, the trial court's resolution of the issue will not be disturbed on appeal absent "manifest error."  Stewart v. Commonwealth, 245 Va. 222, 234, 427 S.E.2d 394, 402, cert. denied, 501 U.S. 848 (1993).

> The true test of impartiality lies in the juror's mental attitude.  Furthermore, proof that she is impartial must come from her uninfluenced by persuasion or coercion. The evidence used to show the requisite qualifications must emanate from the juror herself, unsuggested by leading questions posed to her.

Education Books, Inc. v. Commonwealth, 3 Va. App. 384, 389, 349 S.E.2d 903, 907 (1986) (citing Bausell v. Commonwealth, 165 Va. 669, 682-83, 181 S.E. 453, 458 (1935); Parsons v. Commonwealth, 138 Va. 764, 773, 121 S.E. 68, 70 (1924)).

This case is controlled by the rule in Parsons.  The record shows that after the juror declared her bias in favor of the prosecution, the evidence used to rehabilitate her did not come from her but was based on her mere assent to leading questions.

- 4 -

This juror was not per se disqualified because of her declared bias; had her rehabilitative responses come from her in response to non-leading questions, the trial court would not have abused its discretion by refusing to strike her for cause. Because her rehabilitative responses consisted solely of her mere assent to the court's leading questions, however, she should have been stricken for cause.  See Parsons, 138 Va. at 773, 121 S.E. at 70.  Therefore, we reverse and remand for a new trial.

Reversed and remanded.