COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Frank and Clements
Argued at Chesapeake, Virginia


CALVIN EUGENE WILLIAMS

                                    MEMORANDUM OPINION* BY
v.    Record No. 0142-01-1        JUDGE JEAN HARRISON CLEMENTS
                                         DECEMBER 11, 2001
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                     Thomas S. Shadrick, Judge

            Catherine L. MacLean, Assistant Public
            Defender (Office of the Public Defender, on
            brief), for appellant.

            Virginia B. Theisen, Assistant Attorney
            General (Randolph A. Beales, Attorney
            General, on brief), for appellee.


    Calvin Eugene Williams was convicted in a jury trial of

possession of cocaine with intent to distribute and possession of

a firearm while in possession of a controlled substance with the

intent to distribute. On appeal, Williams contends the trial

court erred in denying his motion to strike prospective juror

Marvin Potter for cause. For the reasons that follow, we reverse

the convictions and remand for a new trial.

    As the parties are fully conversant with the record in this

case and because this memorandum opinion carries no precedential

value, this opinion recites only those facts and incidents of the

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

proceedings as necessary to the parties' understanding of the disposition of this appeal.

Williams contends prospective juror Potter should have been struck for cause because his admissions during voir dire that his consideration of the evidence might be affected by the fact that several members of his immediate family were or had been in law enforcement and that the accused's failure to testify might be a factor in his deliberations created reasonable doubt as to his ability to be an impartial juror. We agree with Williams's contention.

In Virginia, a defendant in a criminal case "is entitled to a panel of jurors free from exception before exercising peremptory challenges." Cressell v. Commonwealth, 32 Va. App. 744, 755, 531 S.E.2d 1, 6 (2000). "[A]ny reasonable doubt as to a juror's qualifications must be resolved in favor of the accused." Breeden v. Commonwealth, 217 Va. 297, 298, 227 S.E.2d 734, 735 (1976).

"On appellate review, we give deference to the trial court's determination whether to exclude a prospective juror, because the trial court was able to see and hear each member of the venire respond to the questions posed." Lovitt v. Commonwealth, 260 Va. 497, 510, 537 S.E.2d 866, 875 (2000). "Thus, we review a trial court's decision whether to strike a prospective juror for cause for an abuse of discretion and that ruling will not be disturbed on appeal unless it appears from

-

the record that the trial court's action constitutes manifest error."  Cressell, 32 Va. App. at 755, 531 S.E.2d at 6.  "In conducting our review, we consider the juror's entire voir dire, not merely isolated statements."  Lovitt, 260 Va. at 510, 537 S.E.2d at 875.

In the present case, prospective juror Potter indicated during voir dire that his father, brother, and son were former police officers and that his daughter was currently a sergeant with the sheriff's department.  When asked by the trial judge if his association with his relatives in law enforcement would affect his ability to be fair and impartial, Potter responded in the negative.

However, when later questioned individually by defense counsel about whether his many relatives in law enforcement and "the stories [he] must hear" would "tend to color what [he] might hear" in court, Potter responded:

> I like to think that I could be fair and
> impartial but I – you know, I think that's a
> consideration, that I do come from a police
> officer's family either outside or inside
> the jail; but I think I can be very fair;
> but I think that is on my mind . . . .

Counsel then asked Potter if his family police background would lead him to believe that the police's assessment of the charged crime in the instant case was correct.  Potter responded:

> That's a tough question.  I think I would
> have to answer yes, but I would like to
> think I would still listen to the evidence
> and be impartial.

-

Potter then agreed that he would think the police's assessment of the charged crime "would be fair," but added that there were "two sides to every story."  The following exchange between defense counsel and Potter then took place:

>     Q.  So you would need to hear the other side?
>
>     A.  Yes, ma'am.
>
>     Q.  What if you didn't hear the other side?
>
>     A.  Well, I don't know.  I'm sorry.
>
>     Q.  No.  I know, and I'm not trying to put you on the spot or anything.
>
>     A.  Yeah.  I heard your question earlier about [defendant not having to testify or offer an explanation], and I got a little concerned there I guess.  I don't think I can answer that question.  I would do my absolute best to be impartial.
>
>     Q.  But you think it might be a factor in your deliberations?
>
>     A.  Yes, ma'am, I'm afraid it might be.

The prosecutor then attempted to rehabilitate Potter.  In response to his questions, Potter agreed that he would believe any witness' reasonable testimony, in the absence of contradictory evidence.  He further agreed that he would not believe a police officer irrespective of what the officer said, but would take into account other evidence in assessing the officer's, or any other witness', credibility.

Upon reviewing the entire voir dire, we find that Potter's responses during voir dire failed to establish that he could sit

-

as an impartial juror during the case.  Potter's equivocal responses to defense counsel's questions during voir dire clearly demonstrated that he harbored, given his familial connections, a bias in favor of the police.  Indeed, Potter admitted that his relationship with family members who were and had been in law enforcement might affect his ability to be impartial.  He further acknowledged that, because of his connection to the police, he would tend to think that the police's assessment of the charged crime was correct and fair and, thus, would need to hear the defendant's side of the story.  The defendant's failure to testify, he admitted, might affect his ability to deliberate impartially.  Those admissions created a reasonable doubt as to his qualification to serve as a fair and impartial juror.  Potter's responses to the prosecutor's general and leading rehabilitative questions, which did not specifically address Potter's admitted bias and need to have the defendant testify, were insufficient to dispel that doubt.  See Sizemore v. Commonwealth, 11 Va. App. 208, 213, 397 S.E.2d 408, 411 (1990) (noting that questions that "only inferentially address" a prospective juror's potentially disqualifying bias fail to disclose whether that bias is fixed or can be set aside); David v. Commonwealth, 26 Va. App. 77, 81, 493 S.E.2d 379, 381 (1997) (holding that evidence used to rehabilitate prospective juror must come from juror himself and not consist solely of his mere assent to leading questions).

-

Because such a doubt must be resolved in favor of the accused, we hold that the trial court's refusal to grant Williams's motion to strike Potter for cause constituted manifest error.  Because this violation is not harmless, see Justus v. Commonwealth, 220 Va. 971, 975, 266 S.E.2d 87, 90 (1980), we reverse the convictions and remand for a new trial if the Commonwealth be so advised.

Reversed and remanded.