COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Kelsey and Senior Judge Willis
Argued at Chesapeake, Virginia


DANNY LEE BRADBURY
                                             OPINION BY
v.    Record No. 3243-01-1          JUDGE ROBERT P. FRANK
                                         MARCH 25, 2003
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                  Robert B. Cromwell, Jr., Judge

            Tabitha B. Anderson (Cal T. Bain, Senior
            Assistant Public Defender, on brief), for
            appellant.

            Virginia B. Theisen, Assistant Attorney
            General (Jerry W. Kilgore, Attorney General,
            on brief), for appellee.


     Danny Lee Bradbury (appellant) was convicted in a jury

trial of rape, in violation of Code § 18.2-61.  On appeal, he

contends the trial court erred in failing to strike four jurors

for cause.  For the reasons stated, we reverse and remand.

                        BACKGROUND[1]

     During general voir dire, two additional people were called

to join the jury panel to replace individuals who were struck

from the panel for cause.  The court asked the new veniremen:

            Do you have any interest in the trial or the
            outcome of this case?  Have any of you
            acquired any information about this event
            from the news media or any other source?

───────────────
     [1] We state only the facts necessary for this analysis.

Have any of you expressed any opinion about
the guilt or innocence of the defendant?
Are any of you sensible of any bias or
prejudice against either the Commonwealth of
Virginia or the defendant, Mr. Bradbury?

Do either of you know of any reason
whatsoever why if you are selected for this
jury you could not give a fair and impartial
trial to both the Commonwealth and the
defendant in this case based solely on the
law and evidence produced before you?

A show of hands prompted the trial court to acknowledge juror
Gatti. She indicated she "was in an attempted abduction -- a
kidnapping a few years ago" that she believed "would play a
part." Gatti then indicated she "could set that aside" and
fairly consider the evidence.

After the trial court had completed the initial questioning
of these two potential jurors, the following exchange occurred
between appellant's counsel and Gatti:

MR. BAIN: In a rape case do any of you feel
that the man bears the burden of proving
that the woman consented to sex?

MISS GATTI: Uh-huh.

MR. BAIN: Even though that's not the law?

MISS GATTI: Uh-huh.

MR. BAIN: You'd still feel that way?

MISS GATTI: Uh-huh.

Appellant moved to strike Gatti for cause. The trial court
then inquired:

THE COURT: Miss Gatti, at the conclusion of
this trial, if you're selected for the jury,
the court will read certain instructions.
There are instructions of law in Virginia
that the jurors are to apply to the evidence

in the case; and if the law happens to disagree with some of your personal feelings, could you set those aside and follow the law if you were so instructed to do so?

MISS GATTI:  Yes.

 *      *      *      *      *      *      *

THE COURT:  Counsel, it's my responsibility to be fair in this matter; and many <u>voir dire</u> questions the way they're couched, either from the Commonwealth's point of view or from the defendant's, almost suggest an answer.

All this process of asking you ladies questions is to determine that you don't come in with any preconceived notions that you could not set aside, that you could listen to the evidence, be told what the law is, and arrive at a decision based solely on the law and evidence that you've been presented regardless of what your prior experiences may have been.  Could you two ladies do that?

MISS GATTI:  Yes.

MISS KELLY:  Yes.

Appellant again renewed his motion to strike Gatti, maintaining "she would expect a man to bear the burden of proving consent in the case; and as the Court knows, a potential juror cannot be rehabilitated with leading questions."  The trial court denied the motion.

The jury convicted appellant of rape, and he was sentenced to twenty years in the penitentiary.

ANALYSIS

Appellant contends the trial court erred in failing to strike four jurors for cause. As we find the trial court should have granted appellant's motion to strike Gatti, we reverse and remand the case without discussion of the other assignments of error.

A defendant has the right to trial by an impartial jury. U.S. Const. Amends. VI & XIV; Va. Const. Art. 1, Sec. 8.

> Additionally, Code § 8.01-358 and Rule 3A:14 provide that members of the venire must "stand indifferent in the cause."
>
> We have stated that a prospective juror "must be able to give [the accused] a fair and impartial trial. Upon this point nothing should be left to inference or doubt. All the tests applied by the courts, all the enquiries [sic] made into the state of the juror's mind, are merely to ascertain whether [the juror] comes to the trial free from partiality and prejudice.
>
> "If there be a reasonable doubt whether the juror possesses these qualifications, that doubt is sufficient to insure his exclusion. For, as has been well said, it is not only important that justice should be impartially administered, but it should also flow through channels as free from suspicion as possible."
>
> Wright v. Commonwealth, 73 Va. (32 Gratt.) 941, 943 (1879); accord Barker v. Commonwealth, 230 Va. 370, 374-75, 337 S.E.2d 729, 732-33 (1985); Justus v. Commonwealth, 220 Va. 971, 976, 266 S.E.2d 87, 90-91 (1980); Breeden v. Commonwealth, 217 Va. 297, 298, 227 S.E.2d 734, 735 (1976).

Green v. Commonwealth, 262 Va. 105, 115, 546 S.E.2d 446, 451 (2001). Jurors' responses during the entire voir dire are

reviewed to determine their impartiality to the case.  Vinson v. Commonwealth, 258 Va. 459, 467-68, 522 S.E.2d 170, 176 (1999).

Upon appellate review, this Court generally defers to a trial court's decision to retain a prospective juror, as "the trial judge is in a unique position to observe the demeanor of the challenged juror and to evaluate all aspects of her testimony."  Educational Books, Inc. v. Commonwealth, 3 Va. App. 384, 390, 349 S.E.2d 903, 908 (1986).  We will not reverse that decision absent a showing of manifest error.  Stewart v. Commonwealth, 245 Va. 222, 234, 427 S.E.2d 394, 402 (1993).

However, when a trial court itself becomes involved in the rehabilitation of a potential juror, we must review the court's decision to retain the person on the panel more carefully.  As this Court explained in McGill v. Commonwealth:

> Using or permitting the use of leading questions, those which suggest a desired answer, in the voir dire of a prospective juror may taint the reliability of the juror's responses.  Merely giving "expected answers to leading questions" does not rehabilitate a prospective juror.  Martin v. Commonwealth, 221 Va. 436, 444, 271 S.E.2d 123, 129 (1980).  Proof of a prospective juror's impartiality "should come from him and not be based on his mere assent to persuasive suggestions."  Breeden v. Commonwealth, 217 Va. 297, 300, 227 S.E.2d 734, 739 (1976) (quoting Parsons v. Commonwealth, 138 Va. 764, 773, 121 S.E. 68, 70 (1924)).  When asked by the court, a suggestive question produces an even more unreliable response.  See Foley v. Commonwealth, 8 Va. App. 149, 160, 379 S.E.2d 915, 921[, aff'd, 9 Va. App. 175, 384 S.E.2d 813] (1989) [(en banc)].  A juror's desire to "say the right thing" or to please the authoritative figure of the judge, if

> encouraged, creates doubt about the candor
> of the juror's responses.
>
> A trial judge who actively engages in
> rehabilitating a prospective juror
> undermines confidence in the <u>voir dire</u>
> examination to assure the selection of fair
> and impartial jurors.  <u>Id.</u> at 154-55, 379
> S.E.2d at 918.  The proper role for a trial
> judge is to remain detached from the issue
> of the juror's impartiality.  The trial
> judge should rule on the propriety of
> counsel's questions and ask questions or
> instruct only where necessary to clarify and
> not for the purposes of rehabilitation.

10 Va. App. 237, 242-43, 391 S.E.2d 597, 600 (1990).

Here, Gatti said she would require appellant to prove that he had permission from the victim to have intercourse with her before the jury could acquit him.  She specifically admitted she would place a burden on appellant that, under the law in Virginia, is impermissible.  She affirmed her belief in this burden even when appellant's counsel suggested the controlling legal principles in this case were contrary to her views.  Clearly, her initial responses indicated a prejudice that precluded her from fairly serving on the jury, unless she was properly rehabilitated.[2]  <u>See</u> <u>David v. Commonwealth</u>, 26 Va. App. 77, 81, 493 S.E.2d 379, 381-82 (1997) (suggesting a potential juror with a "declared bias" is not necessarily disqualified but can be rehabilitated by non-leading questions).

At this point, the trial court began examining the potential juror.[3]  The two questions asked by the court were broad, in contrast to counsel's questions, which related to a specific

---

[2] The Commonwealth does not contend that Gatti's responses, to this point, were appropriate for a prospective juror.

burden of proof.  The trial court asked generally if the prospective juror could set aside her "personal feelings . . . and follow the law" as provided to her by the trial court.  Gatti responded, "Yes."  The court then explained that <u>voir</u> <u>dire</u> was designed "to determine that you don't come in with any preconceived notions that you could not set aside."  The court then asked, again without reference to the specific controversy raised by Gatti's earlier responses, if the jurors could decide the case based on the evidence and the law "regardless of what your prior experiences may have been."  Again, Gatti answered, "Yes."

These questions from the court were leading, long, and complex.  <u>See</u> <u>Breeden v. Commonwealth</u>, 217 Va. 297, 300, 227 S.E.2d 734, 736 (1976).  They suggested the answer that the court preferred to hear, compressed several issues into one phrase, and generally incorporated several legal concepts.  These questions constituted persuasive suggestions more than an

---

[3] The Commonwealth never examined Gatti on this issue.

impartial inquiry and, as such, were an ineffective means of rehabilitation.

Additionally, the questions asked by the trial court did not address the specific problem of the juror's "feeling" that a man must prove consent. The juror was not asked to explain what she meant. The only questions that specifically asked how she would resolve this conflict between her "feelings" and the law indicated she would follow her own ideals rather than the law. In light of her responses to these specific questions from appellant's counsel, her affirmative answers to general, leading questions from the trial court do not create confidence in this juror's ability to sit impartially and fairly in judgment on appellant. See Parsons v. Commonwealth, 138 Va. 764, 773, 121 S.E. 68, 70 (1924).

As an example, instead of asking general questions, the trial court could have advised Gatti that the burden is on the Commonwealth to prove appellant's guilt, and appellant has no burden whatsoever. If Gatti then acknowledged she could apply this principle of the law, then the trial court should have inquired how Gatti could reconcile her previously stated views with the correct burden of proof. In this fashion, the juror could be rehabilitated using her own words to clarify her views, rather than responding to the suggestions and influence of others. See Bausell v. Commonwealth, 165 Va. 669, 675-76, 181 S.E. 453, 455 (1935) (explaining a juror's rehabilitation "'should come from him,'" not from suggestions by the trial court (quoting Parsons, 138 Va. at 773, 121 S.E. at 70)); David, 26 Va. App. at 81, 493 S.E.2d at 381-82 (finding a trial court abused

its discretion where "rehabilitative responses consisted solely of [the juror's] mere assent to the court's leading questions").

Here, Gatti responded to general questions that did not specifically address the contradiction between her beliefs and the applicable legal principles. She gave one-word responses to leading questions, asked by the trial court. The trial court never asked Gatti to explain in her own words how she would resolve the conflict between her personal "feeling" and the legal burdens on appellant.

For the reasons stated above, we find the trial court erred in denying appellant's motion to strike Gatti from the jury panel for cause. We reverse and remand for further action by the Commonwealth, if it be so inclined.

<u>Reversed and remanded.</u>