COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Frank and Felton
Argued at Chesapeake, Virginia


DARRELL CURTIS YOUNG

MEMORANDUM OPINION* BY
v.        Record No. 3385-02-1            JUDGE ROBERT P. FRANK
FEBRUARY 3, 2004

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
A. Bonwill Shockley, Judge

Edward W. Webb, Senior Assistant Public Defender, for appellant.

John H. McLees, Senior Assistant Attorney General (Jerry W.
Kilgore, Attorney General, on brief), for appellee.


Darrell Curtis Young (appellant) was convicted in a jury trial of two counts of rape, in

violation of Code § 18.2-61; three counts of forcible sodomy, in violation of Code § 18.2-67.1;

one count of abduction with intent to defile, in violation of Code § 18.2-48; and one count of

malicious wounding, in violation of Code § 18.2-51.  On appeal, he contends the trial court erred

denying his motion to strike a venireman for cause.  He maintains the potential juror could not

stand indifferent to the case because the juror's daughter was a rape victim.  Finding no

impermissible bias in the attitude of the venireman, we affirm the convictions.

BACKGROUND[1]

During general *voir dire*, the trial court asked if any members of the jury panel knew

anyone on a list of potential witnesses for the case.  The venireman in question indicated he

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] We state only the facts necessary for this analysis.

knew one of the detectives through another case. The court then asked additional questions of the panel. The venireman indicated he had not "formed or expressed any opinion about the guilt or innocence" of appellant nor was he aware of "any bias or prejudice for or against the Commonwealth or for or against [appellant]." He also acknowledged in response to the defense's questions that the accused is presumed innocent until proven guilty beyond a reasonable doubt and that a mere suspicion is not enough to convict. He indicated he could follow the law.

In response to the Commonwealth's *voir dire*, the venireman indicated the sexual nature of the charges would not embarrass him or be "so distasteful" that he could not give the case "appropriate consideration." However, when asked if he knew a rape victim, the venireman said his fourteen-year-old daughter was a rape victim "a year ago." He indicated he would prefer discussing the matter individually.

In response to appellant's questions, the venireman indicated the sexual nature of the offenses would not "give rise to any feelings . . . that may affect [his] ability to be fair and impartial." He acknowledged that an "emotional display" from the complaining witness would not "affect [his] impartiality in deciding this case based on the evidence." Finally, he indicated he knew of no reason why he "would be unable to be fair and impartial and follow the instructions of the court."

On individual *voir dire*, the venireman indicated his daughter's case had not gone to trial, but Detective Knowles had investigated the incident. His daughter had completed counseling. The following exchange then occurred between the venireman and the court:

> THE COURT: And I think the question that we all have is are your experiences going to have any influence on your listening to the evidence in this case?
>
> [JUROR]: Honestly, I think I'm a pretty fair person; but I'm not sure I can honestly say that it wouldn't affect me.

THE COURT: I mean, we all have things in life; and we want juries because they bring experiences to the courtroom. But the thing that I need to ask everyone is can you set aside any personal experiences that would predispose you one way or the other -- whichever way --

[JUROR]: Definitely.

THE COURT: -- and base your verdict on the evidence that you hear in the courtroom?

[JUROR]: Yes.

                    *    *    *    *    *    *    *

THE COURT: And you're going to – the credibility of the witnesses is going to be an issue; and I'm sure there are – there's some medical evidence. I think we've got some photographs and things like that. I guess, again, my question is that going to be overly emotional for you; and if it is, is that going to cause you to cloud the issues?

[JUROR]: No, I don't believe so.

The trial court then allowed the prosecutor and defense counsel to question the venireman. Defense counsel did not ask him any direct questions about potential bias, but the venireman did clarify that his daughter was no longer in counseling and the rape was no longer an issue in his home. Although the perpetrator was not prosecuted, the venireman indicated he believed that "the detective involved handled it properly" and that non-criminal consequences for the perpetrator "were adequate" in his daughter's situation.

ANALYSIS

Appellant contends the trial court should have struck the venireman for cause because his young daughter was the victim of a rape. He points to two statements by the juror and the fact that the trial court did some of the questioning of the juror. We find the trial court did not err in refusing to strike the juror.

> We have stated that a prospective juror "must be able to give [the accused] a fair and impartial trial. Upon this point nothing should be left to inference or doubt. All the tests applied by the courts, all

> the enquiries [sic] made into the state of the juror's mind, are merely to ascertain whether [the juror] comes to the trial free from partiality and prejudice.
>
> "If there be a reasonable doubt whether the juror possesses these qualifications, that doubt is sufficient to insure his exclusion. For, as has been well said, it is not only important that justice should be impartially administered, but it should also flow through channels as free from suspicion as possible."
>
> Wright v. Commonwealth, 73 Va. (32 Gratt.) 941, 943 (1879); accord Barker v. Commonwealth, 230 Va. 370, 374-75, 337 S.E.2d 729, 732-33 (1985); Justus v. Commonwealth, 220 Va. 971, 976, 266 S.E.2d 87, 90-91 (1980); Breeden v. Commonwealth, 217 Va. 297, 298, 227 S.E.2d 734, 735 (1976).
>
> Green v. Commonwealth, 262 Va. 105, 115, 546 S.E.2d 446, 451 (2001). Jurors' responses during the entire *voir dire* are reviewed to determine their impartiality to the case. Vinson v. Commonwealth, 258 Va. 459, 467-68, 522 S.E.2d 170, 176 (1999).
>
> Upon appellate review, this Court generally defers to a trial court's decision to retain a prospective juror, as "the trial judge is in a unique position to observe the demeanor of the challenged juror and to evaluate all aspects of her testimony." Educational Books, Inc. v. Commonwealth, 3 Va. App. 384, 390, 349 S.E.2d 903, 908 (1986). We will not reverse that decision absent a showing of manifest error. Stewart v. Commonwealth, 245 Va. 222, 234, 427 S.E.2d 394, 402 (1993).

Bradbury v. Commonwealth, 40 Va. App. 176, 180-81, 578 S.E.2d 93, 95 (2003).

During the initial *voir dire*, the venireman responded to a question and indicated that his daughter was the victim of a rape. The prosecutor asked, "Is that something you'd prefer to discuss also as an – individually?" The venireman replied, "Yes, most definitely." Appellant claims this statement proves the juror could not evaluate the case fairly and impartially. We disagree. When he was asked the question, the venireman had no idea what types of questions the attorneys or the court might ask about his daughter's situation. His response simply indicated that he would prefer to discuss his daughter's rape outside the presence of the other panel members. We fail to see the connection appellant claims exists between a desire to answer

questions in private and an impermissible bias against a defendant. At this point, the venireman did not need to be rehabilitated, as he had not indicated an inability to evaluate the case fairly.

Appellant also claims the statement, "I'm not sure I can honestly say that it wouldn't affect me," asked during the "individual" questioning about his daughter's rape, proved the venireman should have been struck for cause. He further argues that the trial court's follow-up questions tainted any attempts at rehabilitating the potential juror. However, appellant's interpretation of this statement is out of the context of the entire *voir dire*.

The individualized questioning of the venireman began with the trial court asking several factual questions about the rape of the daughter, which established that: the rape occurred a year prior to appellant's trial; his daughter and the perpetrator were both approximately fourteen years old at the time; the perpetrator was never arrested; his daughter was not physically injured; while she received counseling initially, she had not recently been going to a counselor.

The question that prompted the response, "I'm not sure I can honestly say that it wouldn't affect me," did not ask whether the venireman could fairly evaluate the evidence, but instead questioned whether his and his daughter's experience would have "any influence on his listening to the evidence." The question, as phrased by the trial court, did not ask about an impermissible influence, but about *any* influence. When the court then clarified the question to ask if he could "set aside any personal experiences that would predispose you one way or the other," the venireman interrupted the question to definitively indicate that he could set aside any influences that would cause him to unfairly favor one party over the other. Assuming appellant's characterization of these latter questions as leading is correct, the venireman had already proven capable of honestly answering these types of questions from the court. Several times in the questioning prior to this response, the venireman answered no or disagreed with the presumption

inherent in the court's question. He clearly did not feel obligated to tell the trial court what it apparently wanted or expected to hear.

It is noteworthy that the venireman indicated the rape of his daughter was no longer an issue in his house. His daughter had completed her counseling, and the family no longer discussed the event. The venireman explained he was satisfied with the non-criminal consequences for the perpetrator. Additionally, the venireman's answers suggested the situation involving his daughter, in which the victim and the perpetrator were approximately fourteen years old, was unlike the facts in the instance case, which involved adults.

All the other questions put to the venireman addressing the issue of bias, both before and after this statement about "affect," indicated he could fairly and impartially evaluate the evidence. His responses were not equivocal regarding his ability to follow the law and the instructions of the trial court. Contrast DeLeon v. Commonwealth, 38 Va. App. 409, 413, 565 S.E.2d 326, 328 (2002) (finding the responses during *voir dire* were equivocal, creating doubt about a juror's impartiality). Only the answer about "affect" was equivocal, and the trial court clarified that the "affect" would not prevent the venireman from setting aside any personal feelings and basing his verdict solely on the evidence in the case.

Based on the totality of the *voir dire*, the trial court correctly denied appellant's motion to strike for cause. The circumstances of the daughter's rape and the instant case were significantly different. At the time of the instant trial, his daughter had completed counseling and the situation was no longer "an issue" in the home. Given the venireman's exchange with the defense attorney and the trial court, coupled with his statement that he could "definitely" set aside any personal experiences, the venireman did not have an impermissible bias that required the trial court to strike him for cause.

Finding the trial court did not err in denying the motion to strike for cause, we affirm the convictions.

Affirmed.