COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Beales and Powell
Argued at Richmond, Virginia


INDIA LAKESHA SCOTT
                                                           OPINION BY
v.        Record No. 2305-09-2                   JUDGE CLEO E. POWELL
                                                           MAY 10, 2011
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                            Richard D. Taylor, Jr., Judge

              Cassandra M. Hausrath, Assistant Public Defender (Office of the
              Public Defender, on briefs), for appellant.

              Donald E. Jeffrey, III, Senior Assistant Attorney General
              (Kenneth T. Cuccinelli, II, Attorney General, on brief), for
              appellee.


       India Lakesha Scott ("Scott") appeals her convictions on one count of aggravated

malicious wounding, in violation of Code § 18.2-51.2(A), and two counts of child neglect, in

violation of Code § 18.2-371.1(A) and (B).  Scott contends that the trial court denied her an

impartial jury by refusing to strike one of the potential jurors for cause.[1]

                                    BACKGROUND[2]

       On the day of trial, during *voir dire*, defense counsel moved to strike potential juror

Brightwell for cause.  While outside of the presence of the rest of the venire, defense counsel and

---

        [1] Scott further contends that the trial court erred by allowing an expert witness for the
Commonwealth to provide testimony on the ultimate issue of fact before the jury and by denying
her motion for a mistrial due to comments made by the Commonwealth during its closing
argument.  However, for reasons explained below, we need not address these arguments.

        [2] We cite only those facts necessary to the analysis of the *voir dire* issue on appeal.

the Commonwealth's attorney conducted further *voir dire* of Brightwell regarding his impartiality, during which the following colloquy occurred:

| | |
|---|---|
| [Defense Counsel]: | Do you think you may have a hard time listening to just what happened . . . in this case and listen to the evidence? |
| [Brightwell]: | I have another friend who works for the Sheriff's Office in the county where I teach. And they made a comment one time about if you go to court -- and I guess in this particular county -- that you're pretty much guilty. And I guess because of my respect for her, I think that kind of may have put a preconceived notion in my head, I guess. |
| [Defense Counsel]: | So when you heard the charges against Miss Scott, in your head, the fact that she was charged, it made you think that she was guilty? |
| [Brightwell]: | Potentially, yes. |
| [Defense Counsel]: | Potentially, yes. |
| [Brightwell]: | I'm not saying that that's definitely where it is. But I'm saying that there is a possibility. |
| [Defense Counsel]: | Without hearing any of the evidence, just because she is charged? |
| [Brightwell]: | (Nodding head in the affirmative. ) |

\* \* \* \* \* \* \*

| | |
|---|---|
| [Commonwealth]: | I just want to make sure I understand your answer. That when you heard what the charges were, you felt that there was a possibility that she did it? Is that what you're saying? |
| [Brightwell]: | Correct. |
| [Commonwealth]: | Are you saying that there is a possibility that you wouldn't be fair or it's possible that she did the crime? |
| [Brightwell]: | Can you explain the difference? |
| [Commonwealth]: | You understand that everyone who comes into court is presumed to be innocent under the law? |

| | |
|---|---|
| [Brightwell]: | Correct. |
| [Commonwealth]: | Is that right? |
| [Brightwell]: | Correct. |
| [Commonwealth]: | Do you think that the fact that Miss Scott is charged means she did do it or do you think it's just possible that she did it? |
| [Brightwell]: | It's possible that she did it. |
| [Commonwealth]: | Okay, thank you. |
| [Defense Counsel]: | You're saying you have a problem with the presumption of innocence because she is charged -- because of what that sheriff told you? |
| [Brightwell]: | Say that again. |
| [Defense Counsel]: | You would have a problem with the presumption of innocence because of what -- because of what that sheriff told you about the charges? |
| [Brightwell]: | Probably. |
| [Defense Counsel]: | Probably. I don't have any other questions. |
| [Commonwealth]: | Sir, if the Judge instructed you as to what the law is -- I mean, he tells you that the Defendant is presumed to be innocent under the law, are you able to follow that law? |
| [Brightwell]: | Yeah. |

Brightwell was then returned to the venire. After hearing argument on the matter, the trial court stated:

> The Court's going to deny the motion to strike this individual. He said that there was a possibility the person was guilty. And he also said that he would be able to follow the Judge's instruction on the law. So the issue is not just whether or not the person has a bias but whether or not the person's willing to set aside that bias and follow the judge's instructions with regard to the law. So I note your exception.

Scott was subsequently found guilty of all three counts and sentenced to twenty-five years in prison. Scott appeals.

ANALYSIS

A defendant has "a fundamental right to a trial by an impartial jury." McGill v. Commonwealth, 10 Va. App. 237, 241, 391 S.E.2d 597, 599 (1990). In recognition of this fundamental right, we have recognized that "a prospective juror 'must be able to give [the accused] a fair and impartial trial. Upon this point nothing should be left to inference or doubt.'" Bradbury v. Commonwealth, 40 Va. App. 176, 180, 578 S.E.2d 93, 95 (2003) (quoting Wright v. Commonwealth, 73 Va. (32 Gratt.) 941, 943 (1879)). Thus, "[a] prospective juror who is biased, prejudiced, or who 'persists in a misapprehension of law that will render him incapable of abiding the court's instructions and applying the law, must be excluded for cause' because such a juror cannot be impartial." Griffin v. Commonwealth, 19 Va. App. 619, 621, 454 S.E.2d 363, 364 (1995) (quoting Sizemore v. Commonwealth, 11 Va. App. 208, 211, 397 S.E.2d 408, 410 (1990)).

"Trial courts, as the guardians of this fundamental right, have the duty to procure an impartial jury." Id. "[T]he test of impartiality is whether the venireperson can lay aside the preconceived views and render a verdict based solely on the law and evidence presented at trial." Id. "[T]rial courts must examine the 'the nature and strength of the opinion formed.'" Hopson v. Commonwealth, 52 Va. App. 144, 152, 662 S.E.2d 88, 92 (2008) (quoting Briley v. Commonwealth, 222 Va. 180, 185, 279 S.E.2d 151, 154 (1981)). A juror who entertains an "opinion of that fixed character which repels the presumption of innocence in a criminal case, and in whose mind the accused stands condemned already" must be disqualified. Justus v. Commonwealth, 220 Va. 971, 976, 266 S.E.2d 87, 91 (1980) (citation omitted). Indeed, if there is *any* reasonable doubt as to whether a juror is impartial, "that doubt is sufficient to insure his exclusion." Wright, 73 Va. (32 Gratt.) at 943.

"Whether a juror is impartial is a pure question of historical fact." David v.

Commonwealth, 26 Va. App. 77, 81, 493 S.E.2d 379, 381 (1997).  We recognize that "the trial

judge is in a unique position to observe the demeanor of the challenged juror and to evaluate all

aspects of her testimony." Educational Books, Inc. v. Commonwealth, 3 Va. App. 384, 390, 349

S.E.2d 903, 908 (1986).  As such, the decision to exclude or retain a potential juror "rests within

the sound discretion of the trial court and will not be disturbed on appeal absent manifest error."

McGill, 10 Va. App. at 242, 391 S.E.2d at 600.

However,

> Determination of a prospective juror's impartiality differs from the
> usual factual finding.  It is not the determination of a past fact;
> instead, it is a determination of [the prospective juror's] present
> state of mind, a prediction of future behavior.  For this reason, the
> method of the *voir dire* examination may affect the trial court's
> ability to determine a prospective juror's impartiality.

Id.  Thus, in reviewing the decision of the trial court, we must consider not only a juror's

responses during *voir dire* but also the methodology used to obtain those responses.

Our jurisprudence is clear that we review "[j]urors' responses during the entire *voir*

*dire* . . . to determine their impartiality to the case." Bradbury, 40 Va. App. at 180, 578 S.E.2d at

95 (citing Vinson v. Commonwealth, 258 Va. 459, 467-68, 522 S.E.2d 170, 176 (1999)).

Examining the content of Brightwell's *voir dire*, it is clear that Brightwell held an opinion of a

fixed character that repelled the presumption of Scott's innocence.  Brightwell initially

acknowledged that he had a preconceived notion that "if you go to court . . . you're pretty much

guilty."[3]  During the lengthy question and answer period that followed, Brightwell recognized

that "everyone who comes into court is presumed to be innocent under the law," but conceded

---

[3] We recognize that he did attempt to qualify the statement by limiting it to the county where he teaches.  However, his later responses on this matter contained no such qualifications.

- 5 -

that he still would "probably" have a problem with the presumption of Scott's innocence.[4] At this point, Brightwell should have been precluded from serving on the jury unless he was properly rehabilitated.[5]

Rehabilitation of a juror who has demonstrated bias requires more than just an assertion by the juror that he can be impartial. See Gosling v. Commonwealth, 7 Va. App. 642, 646, 376 S.E.2d 541, 544 (1989) ("A [potential] juror's subsequent statement that he can give the defendant a fair and impartial trial . . . is not dispositive when preceded by positive, unequivocal testimony of bias."). Proper rehabilitation begins by instructing the potential juror on the correct principle of the law (in this case, the presumption of innocence). Bradbury, 40 Va. App. at 183, 578 S.E.2d at 96. Once the potential juror acknowledges that he can apply this principle of law, the juror must then be allowed to reconcile it with his previous views. Id. "In this fashion, the juror could be rehabilitated using [his] own words to clarify [his] views rather than responding to the suggestions and influence of others." Id.

Furthermore, "[p]roof of a prospective juror's impartiality 'should come from him and not be based on his mere assent to persuasive suggestions.'" McGill, 10 Va. App. at 242, 391 S.E.2d at 600 (quoting Breeden v. Commonwealth, 217 Va. 297, 300, 227 S.E.2d 734, 736 (1976)). "Using or permitting the use of leading questions, those which suggest a desired

---

[4] Brightwell also stated that Scott was possibly and/or potentially guilty. Without more, these equivocal statements about possible or potential guilt would not concern us. The presumption of innocence is not mutually exclusive of a defendant's potential guilt; indeed, the fact that a person is presumed innocent *until* proven guilty beyond a reasonable doubt demonstrates that a person may be both presumed innocent and potentially guilty at the same time. However, when viewed in the context of Brightwell's entire *voir dire*, these statements serve to further indicate that Brightwell was not impartial.

[5] We note that this case differs from other cases such as Hopson, 52 Va. App. at 156-57, 662 S.E.2d at 94-95, where the challenged venire members were confused by misleading questions during *voir dire* and therefore did not require rehabilitation. Here, there is no evidence that the relevant questions were confusing or misleading.

answer, in the *voir dire* of a prospective juror may taint the reliability of the juror's responses." Id. "Mere assent to . . . counsel's leading inquiry, is not enough to rehabilitate a prospective juror who has initially demonstrated a prejudice or partial predisposition." Griffin, 19 Va. App. at 625, 454 S.E.2d at 366. "When asked by the court, a suggestive question produces an even more unreliable response," because of a juror's "desire to 'say the right thing' or to please the authoritative figure of the judge." McGill, 10 Va. App. at 242, 391 S.E.2d at 600. It logically follows that a suggestive question invoking the authority of the trial court would result in a similarly unreliable response, as the question would necessarily invoke the juror's desire to please the authoritative figure of the judge.

The Commonwealth's efforts to rehabilitate Brightwell in this case do little to assuage our concern about his lack of impartiality. The Commonwealth's single rehabilitative question, as phrased, allowed for only two possible responses: "Yes, I will follow the law" or "No, I will not follow the law." By invoking the authority of the trial court, the Commonwealth clearly relied upon Brightwell's desire to say the right thing, and thus guaranteed that he would answer in the affirmative. While there is nothing wrong with the question itself,[6] it cannot, without more, serve to fully rehabilitate Brightwell. Nothing in Brightwell's affirmative answer to this question explains how he resolved the contradiction between his professed problem with the presumption of innocence and his ability to follow the law. Accordingly, Brightwell should have been struck for cause as he was not shown to be free from prejudice.

CONCLUSION

As we find the trial court should have granted Scott's motion to strike potential juror Brightwell for cause and the failure to strike was inherently prejudicial, we do not consider

---

[6] Indeed, we recognize that this question properly instructs Brightwell on the correct principle of law.

- 7 -

Scott's other assignments of error.  See Dehart v. Commonwealth, 20 Va. App. 213, 216, 456

S.E.2d 133, 134 (1995) (holding that the "denial of [the] right to a jury chosen from a statutorily

prescribed panel of twenty free from exception cannot be deemed non-prejudicial").  For the

foregoing reasons, we reverse Scott's convictions and remand the case for retrial, should the

Commonwealth be so inclined.

Reversed and remanded.