COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Decker, Judge Humphreys and Senior Judge Annunziata
Argued by teleconference

UNPUBLISHED

MEKYLE PURNELL, S/K/A
  MEKYLE DOMINIQUE PURNELL

                                             MEMORANDUM OPINION[*] BY
v.      Record No. 0679-19-2                 JUDGE ROBERT J. HUMPHREYS
                                             JUNE 23, 2020

COMMONWEALTH OF VIRGINIA


                 FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                              Gregory L. Rupe, Judge

            Kevin E. Calhoun (The Law Office of Charles C. Cosby, Jr., on
            brief), for appellant.

            Mason D. Williams, Assistant Attorney General (Mark R. Herring,
            Attorney General, on brief), for appellee.


        On October 10, 2018, a grand jury indicted appellant Mekyle Purnell ("Purnell") on one

count of aggravated malicious wounding, in violation of Code § 18.2-51.2, and one count of use

of a firearm in the commission of a felony, in violation of Code § 18.2-53.1.  On appeal, Purnell

assigns error to the circuit court's denial of his motion to strike Juror A.S. for cause, "as there

was a reasonable doubt as to her qualifications to sit as a juror" in his trial.

                                   I.  BACKGROUND

        On February 1, 2019, the Circuit Court of the City of Richmond ("circuit court")

impaneled twenty jurors and conducted *voir dire*.  During *voir dire*, defense counsel asked the

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

potential jurors, "have you or any of your family members or close friends been the victim of any kind of a crime?" The following exchange occurred:

> [A.S.]: My best friend . . . was shot and killed.
>
> [Defense Counsel]: I'm sorry to hear that. Was that here in the city?
>
> [A.S.]: No.
>
> [Defense Counsel]: When was that generally?
>
> [A.S.]: I think 2016.
>
> [Defense Counsel]: Is that something that would affect your judgment in this case?
>
> [A.S.]: I'm not sure. I guess I'd have to hear all the facts.
>
> [Defense Counsel]: Is it something you would be able to put aside—

The circuit court then indicated that defense counsel's question would be addressed out of the presence of the rest of the jurors. Before the circuit court held a sidebar to enable the attorneys to further question A.S., defense counsel asked the jury pool, "[i]s there anyone here who thinks that it is never okay, under any circumstances, for one person to shoot a gun at another person?" A.S. responded, "I don't believe in violence."

The following conversation took place during the subsequent sidebar:

> The Court: [A.S.], stand right here. The lawyers have the right to ask you questions, follow-up questions sometimes. I don't know exactly what they're going to ask you, but it is can you give the guy a fair trial, and can you listen to the evidence and instructions of the [c]ourt, or are you so situated that you can't do that?
>
> [A.S.]: I can do this, Your Honor.
>
> . . . .
>
> [Defense Counsel]: [T]his is your best friend that was shot and killed?
>
> [A.S.]: Yes.

- 2 -

[Defense Counsel]: And you're sure that that relationship, what happened to her won't affect your ability to give my client a fair and impartial trial, and listen to the evidence?

[A.S.]: I am not sure.

[Defense Counsel]: The same questions based on your position on gun violence.

[A.S.]: I am anti-gun. My family is for guns, but I am anti-gun.

[Defense Counsel]: So the fact that there might be evidence of shooting guns in this case, are you able to put that aside and give Mr. Purnell a fair trial, or—

[A.S.]: Yes. I am able to do that.

[Defense Counsel]: All the questions I have, Judge.

After A.S. returned to the jury box, defense counsel moved to strike her for cause, and the following took place:

[Defense Counsel]: Judge, I would have a motion to strike for cause on that, mostly on her best friend being shot and killed. She seemed to acknowledge that she would have difficulty in giving Mr. Purnell a fair trial and listening to the evidence.

The Court: Yes, sir.

[Commonwealth Attorney]: Your Honor, at the end, she said she would be able to give him a fair trial.

The Court: I watched her and listened to her. She said that she would—if you want to bring her back out here. I asked her the question, and she said she could listen to [the evidence] and give a fair trial.

[Defense Counsel]: I think she said that she could set aside the gun violence—

The Court: Bring her back out. If you want to ask her more questions—I don't agree with you. I asked her when she first got out here to respond to that, and she said yes, that would be in her mind. I think she would be less than honest if it wasn't in her mind. If you want to follow up with more questions—

[Defense Counsel]: I'd submit it to Your Honor.

The Court: She stays.

Purnell used a peremptory strike to remove A.S.

The jury subsequently found Purnell guilty of aggravated malicious wounding and use of a firearm in the commission of aggravated malicious wounding. Based on the jury's recommendation, the circuit court sentenced Purnell to twenty-eight years' imprisonment. This appeal follows.

## II. ANALYSIS

### A. Motion to Strike A.S. for Cause

A defendant's "right to an impartial jury is protected by the United States and Virginia Constitutions," and by statute. Keepers v. Commonwealth, 72 Va. App. 17, 42 (2020) (citing U.S. Const. amend. VI; Va. Const. art. I, § 8; Code §§ 8.01-357 and 8.01-358). "Our precedent is of long standing that a venireman will not be excluded from the jury if that person 'stands indifferent in the cause.'" Id. (quoting Townsend v. Commonwealth, 270 Va. 325, 330 (2005)). "If [a juror] has any interest in the cause, or is related to either party, or has expressed or formed any opinion, or is sensible of any bias or prejudice, he is excluded by the law." Id. (quoting Lovos-Rivas v. Commonwealth, 58 Va. App. 55, 60-61 (2011)).

This Court reviews a circuit court's denial of a motion to strike for abuse of discretion, and the circuit court's "ruling will not be disturbed on appeal unless it appears from the record that the [circuit] court's action constitutes manifest error." Ramos v. Commonwealth, 71 Va. App. 150, 157 (2019) (quoting Cressell v. Commonwealth, 32 Va. App. 744, 755 (2000)). "A manifest error occurs when the record shows that a prospective juror cannot or will not lay aside his or her preconceived opinion." Keepers, 72 Va. App. at 43 (quoting Taylor v. Commonwealth, 67 Va. App. 448, 456 (2017)). We must "give deference to the circuit court's

determination whether to exclude a prospective juror because that court was able to see and hear each member of the venire respond to questions posed." Green v. Commonwealth, 262 Va. 105, 115 (2001). Thus, "[t]he circuit court is in a superior position to determine whether a prospective juror's responses during *voir dire* indicate that the juror would be prevented from or impaired in performing the duties of a juror as required by the court's instructions and the juror's oath." Id. (citations omitted).

In making this determination, the circuit court "must weigh the meaning of the answers given in light of the phrasing of the questions posed, the inflections, tone, and tenor of the dialogue, and the general demeanor of the prospective juror." Keepers, 72 Va. App. at 44 (quoting Castillo v. Commonwealth, 70 Va. App. 394, 423 (2019)). As such, "we defer to the [circuit] court to resolve any potentially equivocal statements because of its opportunity to observe the juror's tone and demeanor." Id. at 45. In deferring to the circuit court's discretion, we do not view the juror's statements in isolation, but rather "we consider the juror's *voir dire* in its entirety." Id. (quoting Vinson v. Commonwealth, 258 Va. 459, 467 (1999)).

Purnell argues that the circuit court erred in denying his motion to strike A.S. for cause because there was "a reasonable doubt as to her qualifications to serve as a fair and impartial juror."[1] Evidence of a juror's impartiality "must emanate from the juror herself, unsuggested by leading questions posed to her." David v. Commonwealth, 26 Va. App. 77, 81 (1997) (quoting Educational Books, Inc. v. Commonwealth, 3 Va. App. 384, 389 (1986)). A "leading question"

---

[1] On brief, Purnell argued that the circuit court erred in denying his motion to strike A.S. for cause because she was not impartial for two reasons. First, because A.S.'s response, "I can do this, Your Honor," was an attempt to please the circuit court judge as an authority figure. Second, because A.S.'s response to the circuit court was the result of the circuit court's improper rehabilitation of A.S. However, at oral argument, Purnell agreed with the Commonwealth that these two arguments were barred by 5A:18 because he did not present these specific arguments to the circuit court. Because he has abandoned these arguments on appeal, we do not address them here.

is one "that suggests the answer to the person being" questioned. Leading Question, Black's Law Dictionary (11th ed. 2019). The circuit court may "ask questions or instruct . . . where necessary to clarify," so long as the questioning is "not for the purposes of rehabilitation." Keepers, 72 Va. App. at 46 (quoting McGill, 10 Va. App. at 242-43).

When A.S. joined the sidebar, the circuit court explained, "I don't know exactly what they're going to ask you, but it is can you give the guy a fair trial, and can you listen to the evidence and instructions of the [c]ourt, or are you so situated that you can't do that?" The question did not in any way suggest the answer to A.S. and served merely to clarify the process to A.S. Thus, her spontaneous response, "I can do this, Your Honor," emanated from A.S. herself. At the end of the sidebar, in response to defense counsel's question of whether she could put her feelings about guns aside and give Purnell a fair trial, A.S. unequivocally responded, "Yes, I am able to do that." After evaluating A.S.'s tone and demeanor, the circuit court found that A.S.'s responses were truthful, and we must defer to the circuit court's assessment because this finding was not plainly wrong or without evidence to support it. See Garcia v. Commonwealth, 60 Va. App. 262, 270 (2012).

In Keepers, the appellant challenged a similar individual *voir dire* because, she argued, on two occasions the potential juror responded equivocally. Keepers, 72 Va. App. at 44-45. Specifically, defense counsel asked the juror if she could be fair and impartial, to which she responded, "I think I can." Id. at 45. The juror also stated, "I also cannot sit here and honestly say that what I heard [about the case] is not going to bias me." Id. at 32. However, we held that viewing the *voir dire* in its entirety, the record supported the circuit court's conclusion that the juror could remain fair and impartial. Id. at 45. Specifically, the "two isolated statements" were "taken out of context, and we defer to the [circuit] court to resolve any potentially equivocal statements because of its opportunity to observe the juror's tone and demeanor." Id.

Here, as in <u>Keepers</u>, viewing the *voir dire* in its entirety, the record supports the circuit court's conclusion that A.S. could remain fair and impartial. On two occasions, A.S. responded that she was not sure if her best friend's murder would affect her judgment in the case. Once, she clarified, "I guess I'd have to hear all the facts." In its entirety, however, the circuit court determined A.S.'s *voir dire* indicated that she could remain fair and impartial. The circuit court "watched her and listened to her." Based on A.S.'s tone and demeanor, the circuit court found that A.S.'s responses were honest. If there was any question as to what A.S. meant by her potentially inconsistent responses, the circuit court gave defense counsel the opportunity to remedy the inconsistency by bringing A.S. back to ask her additional questions. Defense counsel, however, did not take that opportunity. The circuit court resolved the potentially equivocal statements, and the totality of A.S.'s *voir dire* supports the circuit court's conclusion that she could remain fair and impartial. Accordingly, the circuit court did not commit manifest error in denying Purnell's motion to strike A.S. for cause.

The judgment of the circuit court is affirmed.

<u>Affirmed.</u>