COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Senior Judge Hodges
Argued at Richmond, Virginia


CECILIO DeLEON
                                        OPINION BY
v.    Record No. 1595-01-4        JUDGE WILLIAM H. HODGES
                                        JUNE 25, 2002
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
               Joanne F. Alper, Judge

        Robert W. Gookin for appellant.

        Virginia B. Theisen, Assistant Attorney
        General (Jerry W. Kilgore, Attorney General,
        on brief), for appellee.


        Cecilio DeLeon, appellant, was convicted of rape.  He

contends on appeal that the trial court abused its discretion in

denying his motion to strike prospective juror Pamela Stout for

cause.  For the reasons that follow, we reverse the conviction and

remand for a new trial.

                          BACKGROUND

        During voir dire, the prosecutor asked the prospective jurors

whether any of them had been the victim of rape or sexual assault

or had a close friend or family member who had been the victim of

such an offense.  Stout replied that her sister-in-law had been

raped in another state, but that she did not know the details of

the offense.  Stout indicated the case was not prosecuted.  Stout

then responded as follows to a series of questions:

[PROSECUTOR]:  Knowing about your sister-in-law, does that affect your ability to listen to the evidence today knowing that that happened to her?

[STOUT]:  I hope not.

[DEFENSE COUNSEL]:  But you are not sure.

[STOUT]:  I would say no.  I'm not sure.

[THE COURT]:  All right.  But you will try to at least keep an open mind.  You just don't know.  How long ago was this?

[STOUT]:  Two years.

[DEFENSE COUNSEL]:  Do you feel like crying?  It makes you upset.

[STOUT]:  It does, yes.

[PROSECUTOR]:  Does it?  What happened to your sister-in-law, does that in any sense make you feel that just because the defendant has been charged that means he's guilty of this?

[STOUT]:  No.

[PROSECUTOR]:  Does it make you feel in any way that you are biased against him?

[STOUT]:  No.

[PROSECUTOR]:  Do you feel that you could listen to the victim's testimony fairly and any defense evidence, if any is provided you, fairly?

[STOUT]:  Yes.

[DEFENSE COUNSEL]:  Does it make you feel that what a victim has to say is more believable because she says that she's a victim?

[STOUT]:  No.

-

> [DEFENSE COUNSEL]: Do you identify with her because of what happened to your sister-in-law?
>
> [STOUT]: I can, yes.
>
> [DEFENSE COUNSEL]: You could identify with her?

No further inquires were made about the rape of Stout's sister-in-law or about Stout's ability to sit impartially in light of that event.

Appellant moved to strike Stout for cause, but the trial court denied the motion, finding that Stout stated she would listen to the evidence. The trial court further stated, "I think at this point she has not shown the kind of mind that would be a basis for cause and dismissal, although--at this point I'm not going to grant the strike for cause." Appellant struck the juror using a peremptory strike.

## ANALYSIS

In Virginia, a defendant in a criminal case "is entitled to a panel of jurors free from exception before exercising peremptory challenges." Cressell v. Commonwealth, 32 Va. App. 744, 755, 531 S.E.2d 1, 6 (2000). "[A]ny reasonable doubt as to a juror's qualifications must be resolved in favor of the accused." Breeden v. Commonwealth, 217 Va. 297, 298, 227 S.E.2d 734, 735 (1976).

"On appellate review, we give deference to the trial court's determination whether to exclude a prospective juror, because the trial court was able to see and hear each member of the venire

-

respond to the questions posed." Lovitt v. Commonwealth, 260 Va. 497, 510, 537 S.E.2d 866, 875 (2000), cert. denied, 122 S. Ct. 41 (2001). "Thus, we review a trial court's decision whether to strike a prospective juror for cause for an abuse of discretion and that ruling will not be disturbed on appeal unless it appears from the record that the trial court's action constitutes manifest error." Cressell, 32 Va. App. at 755, 531 S.E.2d at 6. "In conducting our review, we consider the juror's entire voir dire, not merely isolated statements." Lovitt, 260 Va. at 510, 537 S.E.2d at 875.

"'The true test of impartiality lies in the juror's mental attitude. Furthermore, proof that she is impartial must come from her uninfluenced by persuasion or coercion. The evidence used to show the requisite qualifications must emanate from the juror herself, unsuggested by leading questions posed to her.'" David v. Commonwealth, 26 Va. App. 77, 81, 493 S.E.2d 379, 381 (1997) (citation omitted).

Upon reviewing the entire voir dire, we find that Stout's responses during voir dire failed to establish that she could sit as an impartial juror during the case. During voir dire, she became upset when discussing the rape of her sister-in-law. Furthermore, her equivocal responses to questions during voir dire clearly demonstrated that she was unsure of whether the rape of her sister-in-law would affect her ability to listen to the evidence in the case. In addition, the record shows that after

-

Stout declared that she was "not sure" whether the incident would affect her ability to listen to the evidence, "the evidence used to rehabilitate her did not come from her but was based on her mere assent to leading questions." Id. Stout also agreed that she could "identify" with the victim because of the rape of her sister-in-law. Therefore, Stout's responses during voir dire created a reasonable doubt as to her qualification to serve as a fair and impartial juror.

Because such a doubt must be resolved in favor of the accused, we hold that the trial court's refusal to grant appellant's motion to strike Stout for cause constituted manifest error. Furthermore, because this violation is not harmless, see Justus v. Commonwealth, 220 Va. 971, 975, 266 S.E.2d 87, 90 (1980), we reverse the conviction and remand for a new trial if the Commonwealth be so advised.

Reversed and remanded.

-