COURT OF APPEALS OF VIRGINIA


Present:    Chief Judge Felton, Senior Judges Willis and Annunziata
Argued at Alexandria, Virginia


SEBASTIAN TRISTAN CARTER

                                                       MEMORANDUM OPINION[*] BY
v.        Record No. 2948-06-4                CHIEF JUDGE WALTER S. FELTON, JR.
                                                          FEBRUARY 19, 2008

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                               John E. Kloch, Judge

                Lavonda Graham-Williams (Law Offices of Patrick N. Anderson,
                P.C., on brief), for appellant.

                Benjamin H. Katz, Assistant Attorney General (Robert F.
                McDonnell, Attorney General, on brief), for appellee.


        Sebastian Tristan Carter (appellant) was convicted following a jury trial of first-degree

murder in violation of Code § 18.2-32 and the use of a firearm in the commission of murder in

violation of Code § 18.2-53.1.[1]  Appellant contends the trial court erred in failing to grant his

motion to strike three prospective jurors for cause, requiring him to use peremptory strikes to

exclude them, thereby violating his constitutional right to a fair and impartial jury trial.  Appellant

also contends the trial court erred in failing to grant his motion to strike the entire venire, after a

bailiff handcuffed him in open court for security reasons during a brief recess called in response to

an unrelated disturbance outside the courtroom.  He also contends that the trial court erred by failing

to give a cautionary instruction to the jury related to the handcuffing incident.  Finding no error on

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Appellant was also charged with attempted robbery and the use of a firearm in that
offense.  As the jury was unable to reach a verdict on those charges, the trial court granted a
mistrial and entered an order of *nolle prosequi* as to each.

the part of the trial court, we affirm the appellant's convictions, but remand to permit the trial court to correct a clerical error in its June 12, 2006 conviction order pursuant to Code § 8.01-428(B).[2]

## I. ANALYSIS

"An accused has a constitutional right to [trial by] an impartial jury." Wolfe v. Commonwealth, 265 Va. 193, 211, 576 S.E.2d 471, 481 (2003) (citing U.S. Const. amends. VI and XIV; Va. Const. art. 1, § 8). "It is the court's duty to procure an impartial jury." Scott v. Commonwealth, 1 Va. App. 447, 451, 339 S.E.2d 899, 901 (1986). "In effectuating this guarantee, however, there are no hard and fast rules and each case must be determined on its own set of facts." Educational Books, Inc. v. Commonwealth, 3 Va. App. 384, 387, 349 S.E.2d 903, 906 (1986) (citing Temple v. Moses, 175 Va. 320, 336, 8 S.E.2d 262, 268 (1940)).

> [M]embers of the venire must "stand indifferent in the cause." A prospective juror "must be able to give [the accused] a fair and impartial trial. Upon this point nothing should be left to inference or doubt. All the tests applied by the courts, all the enquiries made into the state of the juror's mind, are merely to ascertain whether [the juror] comes to the trial free from partiality and prejudice." Wolfe, 265 Va. at 211, 576 S.E.2d at 482.

Juniper v. Commonwealth, 271 Va. 362, 400, 626 S.E.2d 383, 408 (2006) (alteration in original).

"On appeal, we give deference to the trial court's decision whether to retain or exclude a venireman . . . ." Moten v. Commonwealth, 14 Va. App. 956, 958, 420 S.E.2d 250, 251 (1992). "[T]he trial judge has the opportunity, which we lack, to observe and evaluate the apparent sincerity, conscientiousness, intelligence, and demeanor of prospective jurors first hand . . . ." Pope v. Commonwealth, 234 Va. 114, 123-24, 360 S.E.2d 352, 358 (1987). "'Thus, we review a trial court's decision whether to strike a prospective juror for cause for an abuse of discretion and that ruling will not be disturbed on appeal unless it appears from the record that the trial court's

---

[2] The June 12, 2006 order lists "James J. Holloman" as the jury foreman. The record shows that Holloman was struck from the venire and did not sit on the jury that heard the case. The record reflects that Joseph A. Hamilton was the jury foreman.

action constitutes manifest error.'" DeLeon v. Commonwealth, 38 Va. App. 409, 412-13, 565 S.E.2d 326, 327 (2002) (quoting Cressell v. Commonwealth, 32 Va. App. 744, 755, 531 S.E.2d 1, 6 (2000)). "In conducting our review, we consider the juror's entire *voir dire*, not merely isolated statements." Lovitt v. Commonwealth, 260 Va. 497, 510, 537 S.E.2d 866, 875 (2000).

### A. Juror Pollack

Appellant contends that the trial court erred in denying his motion to strike prospective juror Pollack for cause. He contends that her responses to questions revealed doubts about her ability to serve impartially.

At the beginning of *voir dire*, the trial court judge gave preliminary instructions, and asked general questions of the prospective jurors to determine potential bias, including whether any among them had any reason to believe they could not give the appellant a fair and impartial trial based on the evidence they heard. See Code § 8.01-358; Rule 3A:14. The record does not show that Pollack responded to any of those questions. The Commonwealth followed by asking if any of the veniremen were aware of any personal, political, or religious reason, why any could not sit impartially. Two of the prospective jurors, but not Pollack, answered the questions in the affirmative, and were excused.

When appellant's counsel asked the potential jurors if "any of you been victims of crime or had close family or friends who've [been] victims[?]," five jurors responded affirmatively to that question.[3] One prospective juror explained she was mugged fifteen years earlier. The trial court granted appellant's motion to strike that juror for cause after she stated that she could "[p]ossibly," but "[n]ot absolutely" be certain that the mugging would not affect her ability to be fair and impartial. Next, Pollack responded that she had been the victim of a robbery some six months earlier. The following exchange then took place:

---

[3] There was no motion to strike three of the jurors for cause.

[DEFENSE COUNSEL]:  I ask you the same question I asked the lady previous, did this undoubtedly unpleasant [sic], and you think that this will have an impact on your ability to give a fair and unbiased hearing to [appellant] and the Commonwealth, during this proceeding?

MS. POLLACK:  I still think about it.

[DEFENSE COUNSEL]:  Excuse me, ma'am.

MS. POLLACK:  I guess I still think about it.

[DEFENSE COUNSEL]:  So you're uncertain whether you can give an unbiased and fair hearing today?

MS. POLLACK:  Fairly certain.

Then, in response to appellant's somewhat awkward question, "you're fairly certain that there's an element of uncertainty," Pollack answered, "yes."  Pollack was not asked any additional questions.

We have previously stated

> [t]he proper role for a trial judge is to remain detached from the issue of the juror's impartiality.  The trial judge should rule on the propriety of counsel's questions and ask questions or instruct only where necessary to clarify and not for the purposes of rehabilitation.  If a trial judge adheres to this role, an appellate court may not set aside the trial judge's determination of a juror's impartiality if the juror's responses, *even though conflicting*, support that determination.

McGill v. Commonwealth, 10 Va. App. 237, 242-43, 391 S.E.2d 597, 600 (1990) (emphasis added).  From our review of the entire *voir dire*, we cannot conclude that the trial court erred in denying appellant's motion to strike Pollack for cause.  Pollack's response to appellant's question of whether she was uncertain she could "give an unbiased and fair hearing" was that she was "fairly certain."  The trial court's ability to observe her body language and demeanor, hear her voice inflections, and weigh any hesitancy in her responses, were factors available to the trial court to evaluate in its decision, and are not available to us in a written record.  Pope, 234 Va. at 123, 360 S.E.2d at 358.  We cannot conclude on appeal from the record presented that the trial

- 4 -

court abused its discretion in finding Pollack able to be a fair and impartial juror, and in denying appellant's challenge for cause.

### B. Jurors Zent and Holloman

Potential jurors Zent and Holloman lived in the area of Alexandria where the victim's body was found. Each expressed uneasiness about sitting as a juror because of the likelihood of seeing witnesses in their neighborhood after trial. Appellant's counsel explored this expressed concern in a series of questions with both. In response to one such question, Zent responded that living in the neighborhood where the crime took place "doesn't impact my ability to serve on the [j]ury, it certainly impacts my desire to serve on the [j]ury." Similarly, when Holloman was asked if he could give the case a full, fair, and unbiased hearing despite the proximity of his home to the crime scene, Holloman stated, "I could do so, but, as [Zent] pointed out, the desire is not there."[4]

The trial court denied appellant's motions to strike Zent and Holloman for cause. On appeal, appellant contends that "[a]lthough the prospective jurors thought themselves capable of fairness and impartiality, it was clear that their ability to make a decision about [appellant's] guilt or innocence would be influenced by the concerns they both expressed."

A prospective juror's reluctance to serve on the jury is not a valid basis for disqualification. Calhoun v. Commonwealth, 226 Va. 256, 262, 307 S.E.2d 896, 900 (1983). Their lack of desire to serve on the jury notwithstanding, both Zent and Holloman unequivocally stated that they were capable of serving fairly and impartially as jurors. Our review of the entire colloquy between appellant's counsel with Zent and with Holloman leads us to conclude that the trial court did not abuse its discretion in failing to strike them for cause. The responses of each demonstrated only a reluctance to serve, but not the inability to serve as fair and impartial jurors.

---

[4] Holloman also stated he planned to move from the neighborhood in the near future.

Accordingly, we conclude that the trial court did not err in refusing to strike jurors Zent and Holloman for cause.

### C. Motion to Strike the Venire

During *voir dire* a disturbance, unrelated to appellant's trial, occurred immediately outside the courtroom. In response to the disturbance, the trial court ordered a brief recess, during which a bailiff placed appellant in handcuffs for security purposes. Once the security concern was alleviated, and court was back in session, the *voir dire* continued. After the court excused seven potential jurors for cause or hardship, appellant moved to disqualify the entire venire and to impanel a new venire for *voir dire*. That motion was denied.[5] After the *voir dire* questioning resumed, the trial court asked appellant if he desired to *voir dire* the prospective jurors related to any impact of seeing appellant handcuffed during the disturbance. Appellant declined to do so, telling the trial court such questioning "might just, you know, hammer it further into their minds."

Appellant argues on appeal that because the entire panel of potential jurors saw him placed in handcuffs during the brief recess, his presumption of innocence was compromised and that the trial court's refusal to disqualify the entire venire prevented him from having a fair and impartial jury panel.

"Whether to disqualify an entire venire is a matter committed to the sound discretion of the trial [court]." Brown v. Commonwealth, 28 Va. App. 315, 326, 504 S.E.2d 399, 404 (1998). On this record, and in the absence of any evidence indicating that the potential jurors were biased by the actions of the deputy to secure the courtroom, we cannot conclude that the trial court abused its discretion in denying appellant's motion to strike the entire venire. See id. (motion

---

[5] In denying appellant's motion, the trial court stated to counsel that the potential jurors probably expected appellant to be in handcuffs in a murder case and that the deputy was simply responding to an emergency situation.

denied where no evidence corroborated appellant's claim that pool of prospective jurors was tainted).

Appellant also argues that the trial court failed to give, *sua sponte*, a cautionary instruction to the jurors to diminish the possibility of the handcuffing incident influencing their decision in the case. However, appellant never asked the court to give a cautionary instruction. Because appellant failed to ask the trial court to give any cautionary instruction, or argue to the trial court that failure to give such instruction would impair appellant's right to a jury free from bias or prejudice, we not will consider that argument for the first time on appeal. Rule 5A:18. The purpose of Rule 5A:18 is "to ensure that the trial court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals." Andrews v. Commonwealth, 37 Va. App. 479, 493, 559 S.E.2d 401, 408 (2002).

## II. CONCLUSION

From the record before us, we conclude that the trial court did not abuse its discretion in refusing to strike prospective jurors Zent, Holloman, and Pollack for cause. We also conclude the trial court did not err in refusing to disqualify the entire venire. Accordingly, we affirm the judgment of the trial court.

Affirmed.