COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Humphreys, Petty and AtLee
Argued at Norfolk, Virginia


ANDREW SIMON MANZANO, A/K/A
 ANDREW WILLIAMS

                                      MEMORANDUM OPINION* BY
v.      Record No. 0936-16-1            JUDGE RICHARD Y. ATLEE, JR.
                                                JULY 25, 2017

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Mary Jane Hall, Judge

Curtis T. Brown for appellant.

Victoria Johnson, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


A jury in the Circuit Court of the City of Norfolk ("trial court") convicted appellant

Andrew Simon Manzano of possession of an imitation controlled substance with the intent to

sell, give, or distribute.  The jury recommended, and the trial court imposed, a sentence of

eighteen months in prison.  On appeal, Manzano argues the trial court erred by refusing to strike

three jurors who stated during *voir dire* that they believed the testimony of a police officer was

inherently more credible than that of non-police witnesses.  For the following reasons, we

disagree and affirm.

## I. BACKGROUND

The only issue on appeal concerns one question asked of the venire during *voir dire*:

> [D]o you give police officers' testimony the same weight that you
> would an ordinary witness, or would you give the police officers a

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

little bit more because they're police officers and they're here to uphold the law? Does anybody feel that a police officer's testimony should be given a little bit more weight than somebody off the street because they're police officers – they're the ones with a badge?

Seven potential jurors answered affirmatively.[1] Three were struck for cause, Manzano exercised his peremptory challenges on two others, and two served on the jury.[2] Manzano challenges the trial court's denial of his motion to strike three of these persons for cause: Sherman, Renn, and Greenspan,[3] arguing that the Commonwealth's attempts to rehabilitate them were inadequate and they should have been struck for cause. We describe and analyze each of their responses individually.

## II. ANALYSIS

"A trial judge has broad discretion and control over how *voir dire* is conducted and the procedure for seating a jury." Holloman v. Commonwealth, 65 Va. App. 147, 164, 775 S.E.2d 434, 443 (2015) (quoting Brooks v. Commonwealth, 24 Va. App. 523, 529, 484 S.E.2d 127, 129 (1997)). As such, an appellate court

> must give deference to the circuit court's determination whether to exclude a prospective juror because that court was able to see and hear each member of the venire respond to questions posed. The circuit court is in a superior position to determine whether a

---

[1] Earlier in *voir dire*, the Commonwealth asked whether anyone "would believe [Norfolk police officer] testimony more simply because they're police officers?" The record indicates that no persons on the venire responded, including those who later responded affirmatively to the defense attorney's question.

[2] Manzano does not challenge the trial court's refusal to strike one of the jurors, implicitly acknowledging that she was qualified to serve.

[3] Neither Sherman nor Greenspan served on the jury because Manzano used his peremptory strikes on them; however, "[i]n Virginia, a defendant in a criminal case 'is entitled to a panel of jurors free from exception before exercising peremptory challenges.'" DeLeon v. Commonwealth, 38 Va. App. 409, 412, 565 S.E.2d 326, 327 (2002) (quoting Cressell v. Commonwealth, 32 Va. App. 744, 755, 531 S.E.2d 1, 6 (2000)).

prospective juror's responses during *voir dire* indicate that the juror would be prevented from or impaired in performing the duties of a juror as required by the court's instructions and the juror's oath.

Simmons v. Commonwealth, 63 Va. App. 69, 74-75, 754 S.E.2d 545, 548 (2014) (quoting

Garcia v. Commonwealth, 60 Va. App. 262, 268, 726 S.E.2d 359, 362 (2012)).  The trial court is

best situated to make this determination because it

> "has the opportunity, which we lack, to observe and evaluate the apparent sincerity, conscientiousness, intelligence, and demeanor of prospective jurors first hand, the trial court's exercise of judicial discretion in deciding challenges for cause will be not disturbed on appeal, unless manifest error appears in the record."  A manifest error occurs when the record shows that a prospective juror cannot or will not lay aside his or her preconceived opinion.

Taylor v. Commonwealth, 67 Va. App. 448, 455-56, 796 S.E.2d 859, 863 (2017) (quoting

Jackson v. Commonwealth, 267 Va. 178, 191, 590 S.E.2d 520, 527 (2004)).  Although we

review the trial court's determination deferentially, "[a]ny reasonable doubt as to a juror's

qualifications must be resolved in favor of the accused."  DeLeon, 38 Va. App. at 412, 565

S.E.2d at 327 (quoting Breeden v. Commonwealth, 217 Va. 297, 298, 227 S.E.2d 734, 735

(1976)).

## A.  *Sherman*

When asked about his affirmative response to the question regarding weighing police

officer credibility, Sherman had the following exchange with trial counsel (with Mr. Brown

asking questions on behalf of the defense, and Mr. Fatehi on behalf of the Commonwealth):

> MR. BROWN:  And you'd indicated that you'd give them more weight because they're police officers designed to protect the law. But you're saying that if the Judge instructs you to treat them all the same, you will treat them all the same?
>
> MR. SHERMAN:  Absolutely.
>
> MR. BROWN:  But if you weren't instructed, you're saying that you would give them more weight?

MR. SHERMAN: Yeah….

   . . . .

MR. FATEHI: Are you willing to set aside any of your personal feelings about this, and listen to the testimony of the police officers in this case, and judge their credibility -- judge their believability on their own merits?

MR. SHERMAN: Sure.

MR. FATEHI: Will you follow any of the Judge's instructions regarding the credibility of witnesses?

MR. SHERMAN: Yes

These responses clearly indicate that Sherman was both willing and able to serve as an impartial fact-finder. Moreover, early in the *voir dire*, he stated, without prompting, that "if the instructions tell me that everybody's testimony is weighed equally, that's what I will do." He never wavered from that stance. This is analogous to the facts in Smith v. Commonwealth, 239 Va. 243, 389 S.E.2d 871 (1990), where the Supreme Court affirmed the denial of a defense motion to strike a juror, Moore, for cause:

> When asked whether he felt "that the testimony of a police officer carries more weight . . . than that of an ordinary citizen," Moore said: "That is a tough call." Continuing, he stated:
>
> > Police officers have always been in a high esteem and you always think that they are the ones that are being able to tell the truth more than an average citizen. But then, again, it is a preconceived notion that I have probably had for the majority of my life.
>
> Moore then replied in the negative when asked whether "that preconceived notion [would] interfere with [his] ability to weigh the evidence and render a fair and impartial decision . . . or would [he] automatically give more weight to the testimony of a police officer."

Id. at 255, 389 S.E.2d at 877 (alterations in original). The Court held:

- 4 -

> Whether [Moore] should have been excluded for cause was a matter within the sound discretion of the trial court. . . . [Moore's] ultimate attitude on the subject of the testimony of police officers was essentially neutral. His responses to the various questions propounded to him, while perhaps not displaying the grasp of a legal technician, satisfactorily indicated that he not only stood indifferent in the cause but also possessed sufficient intelligence to be able to afford the defendant a fair and impartial trial.

Id. (alterations in original) (quoting Waye v. Commonwealth, 219 Va. 683, 690, 251 S.E.2d 202, 206-07 (1979)). This is exactly what took place here. In light of Sherman's responses, the trial court did not err in refusing to exclude him from the venire.

## B. *Renn*

When asked about his response to the question regarding police credibility, Renn described his previous positive experiences with law enforcement. He explained that he would be more inclined to believe police testimony because they are "supposed to be the third party. Yes, I would -- over a friend or a relative or somebody else who may be biased, I think I would trust that opinion of the police officer." Although Manzano frames this statement as Renn revealing an intractable preference for police testimony, there is an important distinction: he states only that he would credit police testimony over *specific types* of witnesses who have a close connection to the defendant. Renn did not state that he believes all police testimony is more credible than that of *any* non-police witness. Rather, his answer acknowledged a common-sense reality that some witnesses' testimony may be tainted due to their relationship to the defendant. This does not indicate that he possesses a preconceived opinion or preference that would prevent him from serving as an impartial juror.

Renn's other responses similarly failed to reveal any bias that would have prevented him from performing the duties of a juror. He responded affirmatively when asked if it is "fair to say that there are good and bad police officers?" and agreed that he could "judge any nonpolice witnesses on their merits and on their credibility." When asked again by the defense "But if

- 5 -

there's any doubt as to the police officer and an ordinary witness, you're going to favor the police because of your experience with the police officers?," he responded "All things being equal, I probably would." Renn's positive view of the police based on his prior experience does not *per se* disqualify him from serving as an impartial juror. See Stewart v. Commonwealth, 245 Va. 222, 235, 427 S.E.2d 394, 403 (1993) (affirming refusal to strike wife of a local police officer in a "small community," who expressed "willingness to accept a police officer's statement 'in most cases'"). Although his responses evince a belief that generally, law enforcement testimony is likely to be impartial, they do not indicate that he was unwilling or unable to individually evaluate the credibility of either police or non-police witnesses. As such, we cannot say that the trial court abused its broad discretion in refusing to strike Renn for cause.

### C. *Greenspan*

Manzano challenges the refusal to strike one additional juror who initially indicated that she may give more weight to police testimony. During *voir dire*, the following exchange took place:

> MR. BROWN: You indicated that you would give a police officer's testimony more weight than you would an ordinary witness.
>
> MS. GREENSPAN: Uh-huh.
>
> MR. BROWN: Why is that?
>
> MS. GREENSPAN: Well, don't we have to have some standard? I mean, why do we have police? I don't believe all the things that happen today in this world, but you have to have some standard. If you can't believe the police officers, who are you going to believe? That's my answer to you. Now, I'm not saying I wouldn't think about it twice.
>
> MR. BROWN: But you would come into the case giving a police officer's testimony more weight than you would someone else?

MS. GREENSPAN:  I think that's a loaded question.  I really do. Society has made a police officer -- supposed to carry out the law. If you're asking me -- are you asking me if I wouldn't?

MR. BROWN:  No.  I'm not asking if you wouldn't; I'm just asking when you come to court when you come to the case, would you give a police officer's testimony more weight than you would an ordinary witness because they're police officers and designed to protect –

MS. GREENSPAN:  I think at first I would.  If there are holes in the testimony, I wouldn't.  But I have to have some standard to start with.

. . . .

MR. BROWN:  I just want to make sure that this is clear.  Your statement was that, at the beginning of the case, you'd give the police officer more weight, but you'd just have to listen to the testimony –

MS. GREENSPAN:  Right.

 "In conducting our review, we consider the juror['s] entire *voir dire*, not merely isolated statements."  Simmons, 63 Va. App. at 74, 754 S.E.2d at 548 (citing Vinson v. Commonwealth, 258 Va. 459, 467, 522 S.E.2d 170, 176 (1999)).  Although Greenspan's responses "perhaps [did] not display[ ] the grasp of a legal technician," they "satisfactorily indicated that [s]he not only stood indifferent in the cause but also possessed sufficient intelligence to be able to afford the defendant a fair and impartial trial."  Smith, 239 Va. at 255, 389 S.E.2d at 877 (quoting Waye, 219 Va. at 690, 251 S.E.2d at 206-07).  Her responses reflect the reality that a fact-finder first hears the Commonwealth's case against a defendant, which generally includes police testimony. She appears to acknowledge that this testimony may or may not be adequate to prove the accused's guilt, and did not indicate that she would ultimately credit police testimony over that of other witnesses.  The trial court did not err in refusing to strike Greenspan for cause.

III.  CONCLUSION

For the foregoing reasons, the trial court did not err in finding that these venirepersons were able to serve as impartial jurors, and thus there was no manifest error in denying Manzano's motions to strike them for cause.

<u>Affirmed.</u>