COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Huff, Raphael and Lorish

RAMON LEVERT HARRIS

MEMORANDUM OPINION*

v.      Record No. 1413-21-4                        PER CURIAM
                                                    OCTOBER 11, 2022

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Stephen E. Sincavage, Judge

(Eric M. Shamis; King Campbell Poretz & Mitchell, PLLC, on
brief), for appellant.

(Jason S. Miyares, Attorney General; Justin B. Hill, Assistant
Attorney General, on brief), for appellee.


Ramon Levert Harris appeals his conviction for assault and battery in violation of Code

§ 18.2-57. Harris argues that the trial court erred by granting the Commonwealth's motion to

strike one juror for cause and by denying his motion to strike a different juror for cause. Finding

no abuse of discretion in either ruling, we affirm the conviction. We dispense with oral

argument because the panel has unanimously determined that the appeal is wholly without merit.

*See* Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party [below]." *Poole v.*

*Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469,

472 (2018)). This standard requires that we "discard the evidence of the accused in conflict with

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn [from that evidence]." *Bagley v. Commonwealth*, 73 Va. App. 1, 26 (2021) (alteration in original) (quoting *Cooper v. Commonwealth*, 54 Va. App. 558, 562 (2009)).

After a grand jury indicted Harris on charges of strangulation and abduction, Harris proceeded to a jury trial in October 2021. The parties agreed to assemble a panel of twenty-four prospective jurors before any peremptory strikes. The parties also agreed that, if there were more than twenty-four prospective jurors remaining after the trial court resolved strikes for cause, the court would strike excess jurors by lottery.

Venireperson R.S.[1] said that she had been a victim of sexual assault and domestic violence. But she was also "very aware that people make accusations that are not true" that "can destroy someone's life." She said it was "a deeply-felt situation" that she "would be very concerned about." When the Commonwealth asked if she could presume Harris's innocence, R.S. responded, "I think so because I have also known personally some people who have been put through the wringer that were found to be completely innocent of things so I am very much aware that that's not to be taken lightly."

Upon further questioning by Harris's counsel, R.S. said that "domestic abuse [was] a huge issue for [her]" and that her "biggest fear" was that "nothing ever be tainted by false accusations because that works against anybody who has ever been abused." She admitted concern that she would "bend[] over backwards so much with the burden of proof" because false accusations caused her to "just go crazy." When asked if she could still follow the court's instructions, she answered, "Yeah, I think so."

---

[1] We use the initials of the venirepersons here to protect their privacy. *Cf. Poole*, 73 Va. App. at 360 n.1.

The Commonwealth moved to strike R.S. for cause. Harris's counsel objected, pointing to R.S.'s statement that she could still follow the law. But the trial court granted the Commonwealth's motion, explaining that R.S. appeared to have "some very strong feelings" that gave the court "reasonable doubt" about R.S.'s "ability to judge this case solely on the law and the evidence."

Harris's counsel told the jury that it would hear evidence that Harris had been drinking and asked if any prospective jurors had a "history with alcoholism" or would discount Harris's testimony if they heard that he had been drinking. Venireperson R.P. answered that his father was an alcoholic. R.P. stated that he was "very well aware of what alcoholics can do, how they lie, how they deceive"; he said it would be "hard to say how that would play into [his] thought processes." When Harris's counsel asked if that would affect R.P.'s ability to weigh the evidence, R.P. responded, "No. Not weighing the evidence, but just understanding the nature of alcoholics."

Harris moved to strike R.P. for cause, arguing that R.P.'s view about alcoholics would deny Harris a fair trial.[2] The trial court denied the motion. The court explained that it had carefully listened to R.P.'s answers and that R.P. never said that evidence that a witness had consumed alcohol on a particular occasion would cause R.P. to "automatically discredit" that witness's testimony.

The trial court struck other prospective jurors for cause. They included ten jurors who were struck on Harris's motion, over the Commonwealth's objection.

---

[2] Harris later moved to strike R.P. for cause when R.P. expressed a preference to not have to wear a mask over his nose during the trial, which took place during the COVID-19 pandemic. The trial court denied that motion. Because Harris has not raised this issue in his brief, we do not address it. *See* Rule 5A:20(e); *Conley v. Commonwealth*, 74 Va. App. 658, 681 (2022).

The jury found Harris not guilty of abduction but guilty of misdemeanor assault and battery, a lesser-included offense of strangulation. The trial court sentenced Harris to twelve months in jail with no time suspended.

ANALYSIS

Harris argues that the trial court abused its discretion by granting the Commonwealth's motion to strike R.S. for cause and by denying Harris's motion to strike R.P. for cause. Both the Virginia and United States Constitutions protect a defendant's right to be tried by an impartial jury. Va. Const. art. I, § 8; U.S. Const. amend. VI; *see also* Code § 8.01-358 (requiring that venirepersons must "stand indifferent in the cause"). To "stand indifferent to the cause," a venireperson must not have "any interest in the cause," must not have "expressed or formed any opinion" about the case, and must not be "sensible of any bias or prejudice." Code § 8.01-358.

"Juror impartiality is a question of fact." *Huguely v. Commonwealth*, 63 Va. App. 92, 121 (2014) (quoting *Lovos-Rivas v. Commonwealth*, 58 Va. App. 55, 61 (2011)). "Whether a venire[person] can lay aside a preconceived opinion and render a verdict solely on the evidence is a mixed question of law and fact." *Calhoun v. Commonwealth*, 226 Va. 256, 258 (1983). "The striking of any juror for cause . . . is committed to the sound discretion of the trial court." *Mayfield v. Commonwealth*, 59 Va. App. 839, 845 (2012) (quoting *Townsend v. Commonwealth*, 270 Va. 325, 329 (2005)). Appellate courts give deference to the trial court in matters relating to voir dire. *Juniper v. Commonwealth*, 271 Va. 362, 397 (2006). "This deference stems from our recognition that 'a trial judge who personally observes a juror, including the juror's tenor, tone, and general demeanor, is in a better position than an appellate court to determine whether a particular juror should be stricken.'" *Hopson v. Commonwealth*, 52 Va. App. 144, 151 (2008) (quoting *Teleguz v. Commonwealth*, 273 Va. 458, 475 (2007)). "Absent a showing of 'manifest

error,' we will not overturn the trial court's exercise of its discretion during voir dire." *Id.* at 152 (quoting *Juniper*, 271 Va. at 401).

Harris asserts that the trial court abused its discretion by granting the Commonwealth's motion to strike venireperson R.S. for cause. He argues that R.S. expressed strong opinions on both sides, showing that she could be impartial.

But Harris fails to show that the trial court committed "manifest error" in removing R.S. from the jury pool. The trial court found that R.S. showed "some very strong feelings," creating "a reasonable doubt" in the court's mind of her "ability to judge this case solely on the law and the evidence." Unlike this Court, the trial court was able to judge R.S.'s words and her demeanor, putting the trial court in the better position to determine R.S.'s impartiality. R.S. expressed "fear" that she would "bend[] over backwards so much with the burden of proof" because false accusations would make her "just go crazy." That statement supported the trial court's concern that R.S. could not serve impartially.

The court reasonably concluded that R.S.'s ambivalent answer—"I think so"—to the question of whether she could follow the law did not rehabilitate R.S.'s ability to be impartial. "Merely giving 'expected answers to leading questions' does not rehabilitate a prospective juror." *McGill v. Commonwealth*, 10 Va. App. 237, 242 (1990) (quoting *Martin v. Commonwealth*, 221 Va. 436, 444 (1980)). That is particularly true here, where R.S.'s answer was equivocal. *See DeLeon v. Commonwealth*, 38 Va. App. 409, 413 (2002) ("[E]quivocal responses to questions during *voir dire* clearly demonstrated that [the venireperson] was unsure of whether the rape of her sister-in-law would affect her ability to listen to the evidence in the case."). So we conclude that the trial court did not abuse its discretion by striking R.S. for cause.

Nor did the trial court err when it denied Harris's motion to strike venireperson R.P. for cause on account of R.P.'s statements about the trustworthiness of alcoholics. There was no

evidence presented that Harris was an alcoholic.  And R.P. expressed no view about the credibility of a witness who had merely consumed alcohol on a particular occasion.  Thus, the trial court committed no error, let alone "manifest error," *Hopson*, 52 Va. App. at 152, in declining to strike R.P. for cause.

CONCLUSION

In short, we find no abuse of discretion by the trial court, either in granting the Commonwealth's motion to strike venireperson R.S. for cause or in denying Harris's motion to strike venireperson R.P. for cause.

*Affirmed.*